## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION

| | | |
|---|---|---|
| **HONDA JET LIMITED, L.L.C.,** | ) | **Case No. _____** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| **HONDA AIRCRAFT COMPANY, LLC** | ) | |
| **Defendant.** | ) | |

Plaintiff Honda Jet Limited, L.L.C. ("Honda Jet"), for its Complaint against Defendant Honda Aircraft Company, LLC ("Honda Aircraft"), alleges:

### INTRODUCTION

1.      When Honda Jet purchased a new Model HA-420 HondaJet [Serial Number 42000052 / FAA Registration Number N368BL] ("the Aircraft") on or about March 30, 2017, it justifiably expected to receive a HondaJet that was free and clear of defects and that would meet its essential purpose of providing safe transportation without material downtime to address problems, including faulty electronics.  As evidenced by the repair and maintenance invoices attached hereto as Exhibit A and the repair log attached hereto as Exhibit B, an astounding number repairs have been required and electronic warnings have mandated computer diagnostics by Honda Aircraft's technicians to determine either malfunctioning electronics or to replace defective parts in the Aircraft.  In addition to unwarranted expense to Honda Jet, the defects and related diagnostics and repairs have deprived Honda Jet of its normal use of the Aircraft.  Honda Jet seeks relief in this Court, because it did not receive what was promised and has been damaged as a result.  It also brings this action because it is now left with an aircraft that is likely to continue to have similar problems and Honda Jet has reasonable concerns about the usefulness of the Aircraft for its intended purpose

and, perhaps most importantly, the safety of passengers. Therefore, Honda Jet seeks both a judgment for the damages proximately caused by Honda Aircraft's breach of its warranty to Honda Jet, and for either the replacement of the Aircraft with a similar aircraft that is free of defects or a judgment in the amount of the purchase price of the Aircraft.

2.      In the development of the Model HA-420 HondaJet, the Federal Aviation Administration ("FAA") noted in 2015 that the aircraft incorporated novel and unusual design features, including its battery and electronic cruise control, and imposed additional safety and airworthiness standards. *See, e.g.,* Exhibits C (80 FR 57291), D (80 FR 57312), and E (80 FR 66788) hereto. Subsequently, the FAA has issued an airworthiness directive (83 FR 13401 – Exhibit F hereto) concerning safety concerns due to "unannunciated asymmetric braking during landing deceleration."

3.      Indeed, braking and tire issues appear to have been involved in certain publicly reported incidents involving the Model HA-420 HondaJet. See a list of reported incidents, some of which appear to involve these issues at: https://aviation-safety.net/wikibase/dblist.php?AcType=HDJT and http://www.kathrynsreport.com/2018/04/honda-ha-420-hondajet-n166hj-incident.html. Honda Jet's pilot, Kevin Tyler, raised issues with the brakes and tires, and James Schofield of Honda Aircraft responded as follows on November 20, 2018:

> Thank you for your time today. Per your request we are going to move forward with doing some operational checks on the braking system and a full service check using your fittings on the lavatory external service.
>
> You mentioned two major concerns with the aircraft overall. Brake sensitivity and overall tire wear. As we discussed these are fleet issues. We have an improvement program in place for both of these issues. The brake system can be improved by an upcoming upgrade to match the Elite aircraft system. The tire program is still in research and development stage and we don't have a correction for any aircraft at this time. … (Exhibit G hereto.)

4.      Coupled with these safety issues noted by the FAA and Honda Jet's own experience regarding those issues with the Aircraft, the material problems experienced by Honda Jet have

undermined Honda Jet's confidence in the Aircraft its fitness for the purpose for which it was manufactured and sold.

## PARTIES, JURISDICTION AND VENUE

5.     Honda Jet is a limited liability company organized under the laws of the State of Delaware whose sole member is Brooke Development Company, L.L.C. ("Brooke").  Brooke is a limited liability company organized under the laws of the State of Arkansas whose sole members are Brad Hasselwander and Lani Hasselwander, both of whom are individuals and citizens of the State of Arkansas.

6.     Honda Aircraft is a limited liability company organized under the laws of the State of Delaware with its principal place of business in North Carolina.  On information and belief, the sole member of Honda Aircraft is American Honda Motor Co. Inc., a corporation incorporated in California with its principal place of business in California.

7.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of citizenship between the parties.

8.     There is personal jurisdiction over Honda Aircraft in accordance with the North Carolina long-arm statute, N.C. Gen. Stat. §§ 1-75.4 (1)(d), (3) and (5)(c), and Constitutional due process.

9.     Venue is proper in the this District pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FACTUAL ALLEGATIONS

10.     On October 17, 2006, F.B. Freeman, Jr., managing member of Honda Jet Limited, L.L.C., Honda Aircraft Company, Inc., and HondaJet Midwest, LLC, entered into the HondaJet Purchase Agreement attached hereto as Exhibit H.  The agreement provided for the future purchase

of a HondaJet Aircraft. The agreement further provided as follows regarding the manufacturer's warranty:

> 11. **WARRANTY PROVISIONS:** The Aircraft shall be furnished with the limited warranty provided in Exhibit C subject to the limitations on Seller's liability set forth below. It is understood that Exhibit C is preliminary in content and is subject to revision by Seller. Seller will provide Purchaser with the final limited warranty at the time of delivery of the final Specification under Section 1 of the Agreement, which warranty shall be within what is reasonable and customary in the industry for an aircraft warranty. The final warranty in the form of a revised Exhibit C, shall be incorporated herein by reference and shall supersede and replace the preliminary version or the prior updated version, as applicable. Any customer support services package (if agreed to by the Parties) will be agreed to separately.

The remainder of ¶ 11 contained two detailed paragraphs that attempted to limit the warranty provided and purchaser's remedies.

11. The preliminary warranty attached to the purchase agreement as Exhibit C contained the following general statement of the warranty:

> Subject to the limitations and conditions set forth in this Exhibit C, Seller warrants to Purchaser that, as the time of delivery, the Aircraft shall be free from defects in material and defects in manufacture. Seller's sole obligation and liability for a breach of this warranty is limited to repairing, replacing or correcting at Seller's sole discretion, the defective part or condition, provided that the work is performed by Seller at Seller's facilities, or at such other facility as may be designated by Seller. The Aircraft or any item(s) found defective shall be returned to Seller's facilities or such other facility as may be designated by Seller. Reasonable freight charges for defective items shall be at Seller's expense.

12. The purchase agreement was amended on January 21, 2014 (Exhibit I hereto) and February 23, 2015 (Exhibit J hereto).

13. On or about March 30, 2017, Honda Jet accepted delivery of the Aircraft. *See* Exhibit K hereto. On information and belief, no other written warranty was issued at the time of the delivery.

14. The Aircraft failed to conform to the purchase agreement and the warranty provided.

15.     Contrary to the warranty issued to Honda Jet and contrary to the representations made to Honda Jet at the time of delivery and thereafter during the repairs to the Aircraft, the Aircraft was not free of defect and has continued to experience serious problems, including, but not limited to, the problems addressed by the repairs documented in Exhibits A and B hereto.

16.     Since the purchase of the Aircraft, Honda Jet has been required to return the Aircraft to North Carolina for the repair of many substantial and material defects. Honda Jet has incurred significant expense and damages as a result of these required repairs and the related downtime that has prevented its use of the Aircraft.  The damages will be established at the time of trial but exceed $75,000.

### FIRST CLAIM FOR RELIEF
**(Breach of Warranty)**

17.     Honda Jet incorporates and realleges paragraphs 1 through 16 above.

18.     By its conduct, including the sale to Honda Jet of the defective Aircraft, Honda Aircraft has breached its warranty to Honda Jet.

19.     As a result of the breach of warranty, Honda Jet is entitled to judgment against Honda Aircraft for all expenses and other damages incurred by Honda Jet, the amount of which is in excess of $75,000 and will be proven at the time of trial.

20.     In addition, Honda Jet seeks judgment requiring Honda Aircraft to replace the Aircraft with a similar aircraft that is free of defects and is airworthy.

21.     To the extent that Honda Aircraft argues that the provisions of any oral or written warranty given to Honda Jet limits the relief to which Honda Jet is entitled, Honda Jet alleges that any such limitation is unenforceable because, in the circumstances, the limited remedy fails of its essential purpose and is unconscionable pursuant to N.C. Gen. Stat. §§ 25-2-719 and 25-2-302.

22.     Honda Jet is entitled to recover interest at the statutory rate from the date of Honda Aircraft's breach pursuant to N.C. Gen. Stat. § 24-5.


WHEREFORE, Honda Jet Limited, L.L.C. prays for judgment against Honda Aircraft Company, LLC as follows:

(A)     For judgment for all expenses and other damages incurred by Honda Jet, in an amount that exceeds $75,000, which will be proven at the time of trial;

(B)     For replacement of the Aircraft with a similar aircraft that is free of defects and is airworthy;

(C)     For prejudgment interest at the statutory rate from the date of Honda Aircraft's breach of contract; and

(D)     For all other proper relief to which it may be entitled.


/s/ R. Steven DeGeorge
R. Steven DeGeorge
N.C. Bar No. 20723
sdegeorge@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246-1900
Telephone: (704) 377-2536

*Attorney for Honda Jet Limited, L.L.C.*